IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRISTI ROHLFING,

        Plaintiff,                        No. CIV 11-1042 GEB EFB PS

    vs.

F. DON SOKOL, and DOES 1-100,

        Defendants.               <u>ORDER</u>

        /

        This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

        Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

2

(3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Although the allegations in plaintiff's complaint are difficult to discern, it appears that plaintiff's complaint purports to allege that she was attacked by her "seriously mentally ill husband" and that because her husband was/is employed by the California Department of Corrections and Rehabilitation ("CDCR"), plaintiff was treated unfairly by law enforcement and the court in Lassen County. Compl., Dckt. No. 1. However, plaintiff's complaint only alleges claims against defendant F. Don Sokol, who was plaintiff's husband's attorney in their marital dissolution case. *Id.* at 6-13. Plaintiff alleges that Sokol failed to disclose plaintiff's husband's mental illness, as well as other evidence related to the marital dissolution action, and that Sokol engaged in other misconduct in the course of his representation of plaintiff's husband in the marital dissolution case. *Id.*

Although plaintiff's complaint does not allege a federal claim or diversity of the parties, plaintiff's civil cover sheet, which is attached to plaintiff's complaint, states that the action is brought under 18 U.S.C. § 242. However, 18 U.S.C. § 242 is a criminal statute that does not provide a private civil right of action.

Additionally, to the extent plaintiff's claim against Sokol is brought under 42 U.S.C. § 1983, that claim also fails. To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

3

Here, plaintiff fails to allege that Sokol was a state actor or that he was otherwise acting under color of law. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted). Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Id.* (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). Furthermore, plaintiff fails to identify the constitutional rights Sokol allegedly violated, or explain how his actions resulted in the deprivation of any constitutional right.

Therefore, plaintiff's complaint will be dismissed. However, plaintiff will be granted leave to file an amended complaint, if she can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, she shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order

4

may result in a recommendation that this action be dismissed. *See* Local Rule 110.

Plaintiff also filed a motion to add certain doe defendants, Dckt. No. 3, but did not indicate what allegations plaintiff intends to state against each of those doe defendants. Because plaintiff's complaint is dismissed for the reasons stated herein, the motion to add doe defendants will be denied as moot. To the extent that plaintiff can allege a cognizable legal theory against one or more of the doe defendants identified in plaintiff's motion, as well as sufficient facts in support of that cognizable legal theory, plaintiff may include such allegations in any amended complaint.

Plaintiff has also filed a motion to appoint counsel. Dckt. No. 4. Plaintiff contends that she cannot adequately represent herself but cannot afford an attorney. *Id.* To the extent plaintiff's request for appointment of counsel is brought pursuant to 28 U.S.C. § 1915(d), that request is denied without prejudice. The court may only designate counsel to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(d) in certain exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017. The court cannot conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate her claims amount to exceptional circumstances justifying the appointment of counsel at this time.

Finally, plaintiff seeks to remove various matters from Lassen County, including a case involving a domestic violence restraining order, a family law matter, and a personal injury matter. *See* Dckt. No. 5 (labeled a "Motion for Remand of Cases"). However, plaintiff's "motion for remand" of her state law cases does not indicate the basis for removal of such actions to this court. "The burden of establishing federal jurisdiction is on the party seeking

removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

To the extent plaintiff seeks to remove the state law cases under 28 U.S.C. § 1441(a), plaintiff has failed to meet her burden of establishing that such removal is proper since she has not shown that this court has original jurisdiction over those actions.  28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

To the extent plaintiff seeks to remove the cases under 28 U.S.C. § 1443, plaintiff also fails to meet her burden.  28 U.S.C. § 1443("Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.").  Section 1443's applicability is limited to "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that the petitioner's federal rights will inevitably be denied if the case is not removed." *Greenwood v. Peacock*, 384 U.S. 808, 828 (1966) (internal quotations omitted).

A case may only be removed under § 1443(1) if the party seeking to remove the action(s) can satisfy two criteria.  "First, [the removing party] must assert, as a defense to the prosecution, rights that are given to [her] by explicit statutory enactment protecting equal racial civil rights." *Patel v. Del Taco, Inc*., 446 F.3d 996, 999 (9th Cir. 2006) (quoting *California v. Sandoval*, 434

6

Case 2:11-cv-01042-GEB-EFB   Document 6   Filed 07/27/11   Page 7 of 8

F.2d 635, 636 (9th Cir. 1970)). "Second, [the removing party] must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* In general, there must be a state law or constitutional provision that denies the removing party an opportunity to raise a federal right in her state proceeding. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 803 (1966)). Here, although plaintiff contends that she is concerned about her own safety and the safety of her friends if they testify on her behalf in the state court actions, she has not met her burden of proof on the first prong of § 1443(1) since nothing in her notice of removal indicates a denial of racial equality. She has also not met her burden on the second prong since she "point[s] to no formal expression of state law that prohibits [her] from enforcing [her] civil rights in state court nor [does she] point to anything that suggests that the state court would not enforce [her] civil rights in the state court proceedings." *Patel*, 446 F.3d at 999.

Further, § 1443(2) is inapplicable to this case. The provision "applies only to federal officers or agents performing their duties under federal civil rights laws, as well as to persons authorized to assist them in affirmatively executing those duties and, if the defendant is sued for refusing to act, only to state officers and those authorized to act under them." *Greenwood*, 384 U.S. at 824 n.22. There is nothing in plaintiff's "motion to remand" indicating that she is a federal or state officer or person authorized to act under such an officer. Therefore, plaintiff's "motion to remand" will be denied.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, Dckt. No. 2, is granted.
2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.
3. Plaintiff's motion to add doe defendants, Dckt. No. 3, is denied as moot.
4. Plaintiff's motion to appoint counsel, Dckt. No. 4, is denied without prejudice.
5. Plaintiff's "motion for remand of cases," Dckt. No. 5, is denied.

6. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: July 27, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8