IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRISTI ROHLFING,

        Plaintiff,                     No. CIV 11-1042 GEB EFB PS

    vs.

F. DON SOKOL, and DOES 1-100,

        Defendants.            <u>ORDER</u>

_____/

       This case, in which plaintiff is proceeding *in propria persona* and *in forma pauperis*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On July 27, 2011, the undersigned issued an order dismissing plaintiff's complaint with leave to amend. Dckt. No. 6. Among other things, the order also denied plaintiff's motion to appoint counsel and plaintiff's motion to remove various matters from Lassen County, including a case involving a domestic violence restraining order, a family law matter, and a personal injury matter. *Id.*

       With regard to plaintiff's motion to appoint counsel, the order informed plaintiff that "[t]he court may only designate counsel to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(d) in certain exceptional circumstances" and that "[i]n considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success

1

on the merits; and (2) the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved." *Id.* (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988)).  The court then denied plaintiff's motion to appoint counsel because it could not "conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate her claims amount to exceptional circumstances justifying the appointment of counsel at this time." Dckt. No. 6.

Then, on July 27, 2011, plaintiff filed a further motion to appoint counsel. Dckt. No. 7. In the motion, plaintiff argues that she is severely disabled and that it is "virtually impossible" for her to proceed in this case without the appointment of counsel because of her physical limitations and financial difficulties. *Id.* at 2. She further adds that there is no possibility of her getting fair treatment in her personal injury case in Susanville and that her ex-husband, who has a criminal record, "won't stop stalking" her.[1] *Id.* at 3. However, plaintiff's complaint has been dismissed and plaintiff has not yet filed an amended complaint in conformance with the July 27 order. Therefore, the court still cannot conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate her claims amount to exceptional circumstances justifying the appointment of counsel at this time. Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel, Dckt. No. 7, is denied without prejudice.

DATED: August 1, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Additionally, to the extent that plaintiff's filing also includes a request for the court to reconsider its ruling on the denial of plaintiff's motion to remove her pending state law cases, such a request is denied since plaintiff has not shown that she is entitled to such reconsideration.